## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| OLGA REQUENES, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:17-cv-673 |
| | § | |
| GREAT LAKES REINSURANCE | § | |
| (U.K.) SE | § | |
|    Defendant. | § | |

### NOTICE OF REMOVAL

Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE)[1] ("Great Lakes" or "Defendant"), files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## I.     BACKGROUND

1.     On April 17, 2017, Plaintiff Olga Requenes ("Plaintiff") filed this action in the 166th Judicial District Court of Bexar County, Texas, bearing Docket Number 2017CI06947 (the "State Court Action") against Great Lakes.  Plaintiff's Original Petition (the "Complaint"), filed on April 17, 2017, is the live pleading in this case.  (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1446(a) as **Exhibit C-2**).

2.     Plaintiff sued Great Lakes for alleged breach of contract, violation of Chapters 541 and 542 of the Texas Insurance Code, violation of the Texas Deceptive Trade Practices Act, and breach of the duty of good faith and fair dealing for the alleged improper handling of an insurance claim regarding alleged damage to the property located at 6711 Benke Farm, Bexar County, San Antonio, Texas 78239.

---

[1] Improperly named as "Great Lakes Reinsurance (U.K.) SE" in Plaintiff's Original Petition, but appearing in its correct capacity herein.

3.      Great Lakes was served with Plaintiff's Original Petition on May 15, 2017.  On June 16, 2017, Great Lakes filed its Original Answer and Affirmative Defenses.[2]

4.      This case was not removable when originally filed because Plaintiff had produced no evidence of the amount of damages she was seeking, and she stated in her Complaint that "the total damages sought by Plaintiff against Defendant for all elements of damage does not exceed the sum of $75,000 [sic]" and she would "not seek or accept damages  . . . in excess of $75,000, . . . exclusive of interest and costs."

5.      On June 21, 2017, Plaintiff's counsel sent a DTPA demand letter to Defendant's counsel in which Plaintiff stated, for the first time, that she is seeking total damages in the amount of $160,831.77.[3]  Additionally, Plaintiff states in the letter that she plans to "seek the full measure of damages (including treble damages, attorney's fees and court costs) to which [she] is entitled."[4]

6.      Thus, this Notice of Removal is timely filed, it being filed no more than thirty days after Great Lakes received the DTPA demand letter from Plaintiff's counsel on June 21, 2017 from which Great Lakes could first ascertain that the amount in controversy requirement was met and, thus, federal jurisdiction existed.  *See* 28 U.S.C. §§ 1332(d)(7), 1441, 1446(b)(3).

## II.      BASIS FOR REMOVAL: DIVERSITY JURISDICTION

7.      Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b) because: (1) there is complete diversity between Plaintiff and Great Lakes, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[2] *See* **Exhibit C-4**.
[3] *See* **Exhibit E**.
[4] *Id.* at pg. 3.

**A.    Complete diversity exists between Plaintiff and Great Lakes.**

8.    Plaintiff's state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

9.    Plaintiff alleges in the Complaint that she resides in Bexar County, Texas; therefore, she is a citizen of Texas.[5]

10.    Defendant Great Lakes is a foreign non-admitted surplus lines insurer engaged in the business of insurance in the State of Texas, and is incorporated and has its principal place of business in Germany; therefore, Great Lakes is a citizen of Germany.

11.    Thus, there is complete diversity of citizenship between Plaintiff and Great Lakes.

**B.    Amount in Controversy Exceeds $75,000.**

12.    This case was not removable when originally filed because Plaintiff had produced no evidence of the amount of damages she was seeking, and she stated in her Complaint that "the total damages sought by Plaintiff against Defendant for all elements of damage does not exceed the sum $75,000 [sic]" and she would "not seek or accept damages . . . in excess of $75,000, . . . exclusive of interest and costs."   Therefore, the amount in controversy requirement was not met at that time.   However, on June 21, 2017, Plaintiff's counsel sent a DTPA demand letter to Defendant's counsel in which, for the first time, Plaintiff stated she is seeking total damages in the amount of $160,831.77.[6]   Additionally, Plaintiff stated the letter that she plans to "seek the full measure of damages (including treble damages, attorney's fees and court costs) to which [she] is entitled."[7]   This demand letter establishes by a preponderance of the evidence that the amount in controversy far exceeds $75,000 and that Plaintiff's attempt to limit damages to less

---

[5] *See* Complaint, at ¶ II.
[6] *See* **Exhibit E**.
[7] *Id.* at pg. 3.

than $75,000 in her Complaint was made in bad faith solely in an attempt to avoid federal jurisdiction and should be disregarded by the Court.

13.     In general, the amount in controversy is determined by the amount sought on the face of the state court petition, so long as the claim is made in good faith.[8]  Where state law prevents a plaintiff from alleging a specific amount of damages in the complaint, a defendant must demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.[9]  "The district court must first examine the complaint to determine whether it is 'facially apparent' that the claims exceed the jurisdictional amount.  If it is not thus apparent, the court may rely on 'summary judgment-type' evidence to ascertain the amount in controversy."[10] Courts have considered demand letters as such evidence in determining whether defendants have met the preponderance burden.[11]

14.     If a defendant meets their burden, removal is proper, unless a plaintiff can show as a matter of law that he will not be able to recover more than the damages for which he has prayed in the state court complaint.[12]  A plaintiff may do so by pointing to a state law that prevents recovery in excess of the damages sought in the state court petition or by filing a binding stipulation or affidavit with the petition.[13]

---

[8] *Espinoza v. Allstate Texas Lloyd's*, 222 F. Supp. 3d 529, 533 (W.D. Tex. 2016) (citing *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).
[9] *Id.* (citing *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000); *De Aguilar*, 47 F.3d at 1410–11).
[10] *Id.* (citing *Greenberg*, 134 F.3d at 1253 (footnotes omitted); *Garcia*, 351 F.3d at 639 (holding that the defendant may prove claims by demonstrating that the claims are likely above $75,000 or by setting forth facts in controversy that support a finding of the requisite amount)).
[11] *Id.* (citing *Hartford Ins. Grp. v. Lou–Con Inc.*, 293 F.3d 908, 910–12 (5th Cir. 2002) (per curiam); *Greenberg*, 134 F.3d at 1254–55; *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *Molina v. Wal–Mart Stores Tex., L.P.*, 535 F.Supp.2d 805, 808 (W.D. Tex. 2008) (citations omitted)).
[12] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[13] *Id.*

15.     "The inquiry, however, does not end merely because the plaintiff alleges damages below the threshold."[14]  "The face of the plaintiff's pleading will not control if made in bad faith."[15]  As the Fifth Circuit held in *De Aguilar v. Boeing, Co.*, the rules enacted by Texas that "strictly prohibit plaintiffs from pleading for specific amounts in cases of unliquidated damages . . . have created the potential for abusive manipulation by plaintiffs, who may plead for damages below the jurisdictional amount in state court with the knowledge that the claim is actually worth more, but also with the knowledge that they may be able to evade federal jurisdiction by virtue of the pleading."[16]  "Such manipulation is surely characterized as bad faith."[17]  "[T]actical manipulation [by the] plaintiff cannot . . . be condoned."[18]

16.     Further, the Western District has held that a plaintiff's assertion in his petition that he will not seek or accept more than $75,000 in damages, as the Plaintiff in this case pled, bears no weight in determining the amount in controversy.[19]  For example, in *Gates Gates v. Allstate Texas Lloyd's*, the plaintiffs pled that they would only seek monetary relief of less than $75,000.[20]  The Court held "'for the purposes of remand analysis, Fifth Circuit precedent accords [Plaintiffs' assertion that they seek only monetary relief of less than $75,000] no weight' because 'Plaintiffs violated the Texas civil procedure rules' in asserting a claim for 'less than $75,000' in their petition.'"[21]  The plaintiffs argued, "under Texas Law, the Plaintiff's [sic] Original Petition on file at the time of removal of this case unambiguously bound Plaintiff [sic] by judicial

---

[14] *Id.*
[15] *Id.*
[16] *Id.*
[17] *Id.* (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir.1985)).
[18] *Boelens*, 759 F.2d at 507.
[19] *Gates Gates v. Allstate Texas Lloyd's*, No. EP-16-CV-338-PRM, 2016 WL 8138816, at *2 (W.D. Tex. Nov. 16, 2016).
[20] *Id.*
[21] *Id.*

admission to a recovery of less than $75,000.00."[22]  The Court held, however, that the plaintiffs were not bound by the amount pleaded in their state court petition because, although "it is the general rule that the pleadings in a particular case . . . are to be regarded as judicial admissions . . . it is also the general rule that when a pleading has been abandoned, superseded, or amended, it ceases to be a judicial pleading, *and therefore ceases to be a judicial admission*."[23]  Therefore, because "[n]o Texas rule would preclude Plaintiffs from amending their complaint to allege and recover an amount that exceeds $75,000" and "the allegations of [Plaintiffs'] petition are only binding judicial admissions so long as they are not amended or superseded," "they are not sufficient to constitute the kind of 'binding stipulation or affidavit' necessary to preclude removal."[24]

17.    In this case, Plaintiff's DTPA demand letter in which she states the total damages she is seeking in this case are $160,831.77 establishes, by a preponderance of the evidence. that the amount in controversy far exceeds $75,000 pursuant to 28 U.S.C. § 1332(a).  Further, as the Fifth Circuit held in *De Aguilar*, Plaintiff's attempt to limit the amount in controversy to less than $75,000 in her Complaint was made in bad faith, solely in an attempt to avoid federal jurisdiction; therefore, it should be disregarded by the Court.  Further evidencing the bad faith nature of Plaintiff's pleadings is Plaintiff's statement in her DTPA demand letter that, "[i]n the event GREAT LAKES fails to take advantage of this offer of settlement, we will seek the full measure of damages (including treble damages, attorney's fees and court costs) to which my Client is entitled."  This further demonstrates that Plaintiff's attempt to limit damages in her

---

[22] *Id.*
[23] *Id.* (citing *Ford v. United Parcel Serv., Inc.* (Ohio), 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (emphasis added)).
[24] *Id.* (citing *Vielma v. ACC Holding, Inc.*, EP–12–CV–501–KC, 2013 WL 3367494, at *6 (W.D. Tex. Apr. 16, 2013) ("Nor does the statement in [the] [p]laintiff's Original Petition [that the maximum amount of damages sought did not exceed $75,000] constitute a binding stipulation or affidavit that might have defeated this [c]ourt's diversity jurisdiction."))

pleadings was solely for the purpose of avoiding federal jurisdiction. Plaintiff's demand letter clearly indicates Plaintiff has every intention of seeking the full amount of damages alleged therein. As the Court held in *Gates Gates*, Plaintiff's statement in her Complaint attempting to limit the amount of damages she allegedly will accept does not constitute a "binding stipulation" such that would prevent removal because Plaintiff could easily amend her pleadings and remove this statement altogether.

18.     For these reasons, because the DTPA demand letter provided by Plaintiff's counsel on June 21, 2017 establishes for the first time that Plaintiff seeks damages in excess of $75,000 and Plaintiff's previous attempt to limit damages in her Complaint was made in bad faith and should be disregarded, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)–(B) is satisfied.

### III.     VENUE

19.     Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the 166th Judicial District Court of Bexar County, Texas, the forum in which the removed action was pending.

### IV.     ADDITIONAL REQUIREMENTS

20.     Great Lakes has provided notice to Plaintiff through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiff's counsel of record, and has also provided notice to the Clerk of Court for the 166th Judicial District Court of Bexar County, Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

21.     Copies of all pleadings, process, orders, request for trial by jury, and other filings in the state-court suit are attached to this notice as required by 28 U.S.C. § 1446(a).[25]

22.     Pursuant to Federal Rule of Civil Procedure 81 and 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by copies of the following:

| | |
|---|---|
| **Exhibit A**: | Listing of All Parties and Counsel of Record; |
| **Exhibit B**: | Civil Cover Sheet; |
| **Exhibit C**: | Index of All Documents Filed in State Court Action; |
| **Exhibits C-1 - C-6**: | Copies of all filings in State Court Action and State Court Docket Sheet; |
| **Exhibit D**: | List of Action Being Removed; |
| **Exhibit E**: | DTPA Demand letter |

WHEREFORE, Defendant, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE), prays that this matter be removed to the United States District Court for the Western District of Texas, San Antonio Division, for further proceedings and disposition.

Respectfully submitted,

By:   */s/ Valerie Henderson*

**Eddy De Los Santos**
Texas Bar No. 24040790
Federal ID No. 602417
**Valerie Henderson**
Texas Bar No. 24078655
Federal ID No. 1392550
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys for Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE)*

---

[25] *See* **Exhibit C**:  Index of All Documents Filed in State Court Action.

## <u>CERTIFICATE AND NOTICE OF FILING</u>

I certify that on July 21, 2017, the Notice of Removal was sent to the District Clerk of Bexar County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

*/s/ Valerie Henderson*
Valerie Henderson


## <u>CERTIFICATE OF SERVICE</u>

IT IS HEREBY CERTIFIED that on July 21, 2017, the foregoing Notice of Removal was served on counsel for Plaintiff via Certified Mail, Return Receipt Requested, pursuant to the Federal Rules of Civil Procedure.

Carlos E. Solis
Paul A. Smith, Jr.
Solis & Smith, PC
12703 Spectrum Drive, Suite 100
San Antonio, TX  78249
***CM/RRR #:  7014 2870 0000 2457 1958***

*/s/ Valerie Henderson*
Valerie Henderson