## EXHIBIT C

## INDEX OF ALL DOCUMENTS FILED IN STATE COURT ACTION

| EXHIBIT | DATE FILED | DOCUMENT TITLE |
|---------|-----------|----------------|
| C-1 | | STATE COURT DOCKET SHEET |
| C-2 | 04/17/2017 | PLAINTIFF'S ORIGINAL PETITION |
| C-3 | 05/05/2017 | LETTER WITH CORRECT FEE |
| C-4 | 06/16/2017 | DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES |
| C-5 | 7/03/2017 | LETTER FROM THE TEXAS DEPARTMENT OF INSURANCE |
| C-6 | 05/17/2017 | CITATION RETURNS |



**GERARD C. RICKHOFF**          **DONNA KAY McKINNEY**

**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2017CI06947

**Name**: OLGA REQUENES

**Date Filed** : 04/17/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 166

**Docket Type** : DEBT/CONTRACT

**Business Name** :

**Style** : OLGA REQUENES

**Style (2)** : vs GREAT LAKES REINSURANCE SE

**EXHIBIT C-1**

# Case History

*Currently viewing 1 through 10 of 10 records*

| Sequence | Date Filed | Description |
|----------|-----------|-------------|
| P00007 | 7/14/2017 | CERTIFICATE OF SERVICE |
| P00006 | 7/3/2017 | LETTER TO DISTRICT CLERK<br>FRM: TEXAS DEPARTMENT OF INSURANCE RE: DOCUMENTS BEING RETURNED |
| P00005 | 6/16/2017 | ORIGINAL ANSWER OF<br>GREAT LAKES INSURANCE SE AND AFFIRMATIVE DEFENSES |
| S00003 | 6/1/2017 | CITATION CERTIFIED MAIL<br>GREAT LAKES REINSURANCE SE<br>ISSUED: 6/1/2017 RECEIVED: 6/1/2017<br>EXECUTED: 5/25/2017 RETURNED: 6/1/2017 |
| S00002 | 5/19/2017 | CITATION CERTIFIED MAIL<br>GREAT LAKES REINSURANCE SE<br>ISSUED: 5/19/2017 RECEIVED: 5/22/2017<br>EXECUTED: 6/5/2017 RETURNED: 6/7/2017 |
| S00001 | 5/11/2017 | CITATION CERTIFIED MAIL<br>GREAT LAKES REINSURANCE SE<br>ISSUED: 5/11/2017 RECEIVED: 5/12/2017<br>EXECUTED: 5/15/2017 RETURNED: 5/17/2017 |
| P00004 | 5/5/2017 | LETTER TO DISTRICT CLERK<br>FR: CARLOS E SOLIS RE: COPIES PAID |
| P00003 | 4/17/2017 | PET FOR HAIL DAMAGE RESIDENTIAL W/JD |
| P00002 | 4/17/2017 | JURY FEE PAID |
| P00001 | 4/17/2017 | SERVICE ASSIGNED TO CLERK 2 |

```
                   ***** Bexar County Centralized Docket System *****
07/12/2017                  - Proceeding Information -                    13:04:50
JURY FEE PAID                     Case 2017CI06947
Selection: __   Case Nbr: 2017CI06947____   Qualifier _____
  Style: OLGA REQUENES vs GREAT LAKES REINSURANCE SE
  Court: 166     Docket Type: DEBT/CONTRACT                   Status: PENDING
Actions:(A,M,P)      Unpaid Balance:       2.00  Account Number:
    Seq   Date Filed      Reel     Image     Page Cnt
            GREAT LAKES INSURANCE SE AND AFFIRMATIVE
            DEFENSES
 _  00006 07/03/2017
    DESC: LETTER TO DISTRICT CLERK
            FRM: TEXAS DEPARTMENT OF INSURANCE RE: D
            OCUMENTS BEING RETURNED
                    *** End of Data ***




Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn main  add   build top   bkwrd frwrd bot    SI    TI   quit
```

```
                  ***** Bexar County Centralized Docket System *****
07/12/2017              - Proceeding Information -                    13:05:54
JURY FEE PAID             Case 2017CI06947
Selection: __  Case Nbr: 2017CI06947____  Qualifier _____
  Style: OLGA REQUENES vs GREAT LAKES REINSURANCE SE
  Court: 166    Docket Type: DEBT/CONTRACT                      Status: PENDING
Actions:(A,M,P)    Unpaid Balance:       2.00  Account Number:
     Seq   Date Filed        Reel    Image     Page Cnt
 _   00001 04/17/2017
     DESC: SERVICE ASSIGNED TO CLERK 2
 _   00002 04/17/2017
     DESC: JURY FEE PAID
 _   00003 04/17/2017
     DESC: PET FOR HAIL DAMAGE RESIDENTIAL
           W/JD
 _   00004 05/05/2017
     DESC: LETTER TO DISTRICT CLERK
           FR: CARLOS E SOLIS RE: COPIES PAID
 _   00005 06/16/2017
     DESC: ORIGINAL ANSWER OF

Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn main  add   build top   bkwrd frwrd bot    SI    TI   quit
```

```
                    ***** Bexar County Centralized Docket System *****
07/12/2017               - Services List By Cause Nbr -                13:06:07
_____ Case 2017CI06947 _____
Selection: ___  Case Number: 2017CI06947_____
  Style: OLGA REQUENES vs GREAT LAKES REINSURANCE SE
Court: 166    Docket Type: DEBT/CONTRACT                      Status: PENDING
                  Unpaid Balance:      2.00  Account Number:
Act
(S)  Seq  Service Type/Dates:          Dist  Litigant Name:
 _   00001 CITATION CERTIFIED MAIL        150  GREAT LAKES REINSURANCE SE
            Iss: 05/11/2017  Rec: 05/12/2017  Exe: 05/15/2017  Ret: 05/17/2017
            TDI/HC COPIES PAID 050517
 _   00002 CITATION CERTIFIED MAIL        150  GREAT LAKES REINSURANCE SE
            Iss: 05/19/2017  Rec: 05/22/2017  Exe: 06/05/2017  Ret: 06/07/2017

 _   00003 CITATION CERTIFIED MAIL        150  GREAT LAKES REINSURANCE SE
            Iss: 06/01/2017  Rec: 06/01/2017  Exe: 05/25/2017  Ret: 06/01/2017

                      *** End of Data ***


Enter-PF1---PF2---PF3---PF4---PF5---PF6---PF7---PF8---PF9---PF10--PF11--PF12---
      help  retrn main  add         top   bkwrd frwrd bot   AI    PI    quit
```

FILED
4/17/2017 7:00:24 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Edgar Garcia

Cltcml-sac2 w/jd TDI

## 2017CI06947
CAUSE NO. _____

| | | |
|---|---|---|
| OLGA REQUENES | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 166th  JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE (U.K.) SE | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND STIPULATION
### OF DAMAGES LESS THAN $75,000 WITH DISCOVERY ATTACHED

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES OLGA REQUENES (hereinafter referred to as "Plaintiff"), complaining

of Defendant, GREAT LAKES REINSURANCE (U.K.) SE (hereinafter referred to as

"Defendant"), and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas

Rules of Civil Procedure. This case involves complex issues and will require extensive

discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance

with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, OLGA REQUENES, is an individual and resident of Bexar County.

Defendant, GREAT LAKES REINSURANCE (U.K.) SE, is an insurance company

operating in the State of Texas procuring and adjusting policies in Texas. GREAT LAKES

REINSURANCE (U.K.) SE can be served through its Attorney for Service at the following

address:

# EXHIBIT C-2

Great Lakes Reinsurance (U.K.) SE
Drinker Biddle
1177 Avenue of the Americas Fl 41
New York, New York 10036-2714
c/o Attorney for Service
David Mattax, Commissioner for the Texas Department of Insurance
Texas Department of Insurance
333 Guadalupe St.
Austin, Texas 78701.

### III. JURISDICTION AND VENUE

This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Bexar County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code § 15.002) and the insured property that is the basis of this lawsuit is located in Bexar County, Texas.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.   Plaintiff is the owner of insurance Policy No. GP16310743587 issued by the Defendant (hereinafter referred to as the "Policy").

B.   Plaintiff owns the insured property which is specifically located at 6711 Benke Farm, Bexar County, San Antonio, Texas 78239 (hereinafter referred to as the "Property").

C.   Defendant or its agent sold the Policy, insuring the Property, to Plaintiff.

D.   On or about April 12, 2016, a wind and hail storm struck San Antonio, Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's home.

E.   Plaintiff submitted a claim to Defendant against the Policy for roof and other damage and

2

resulting water damage the Property sustained as a result of a wind and hail storm. Plaintiff asked that Defendant cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.      Defendant has assigned Claim No. MDC 41185 to Plaintiff's claim.

G.      Defendant hired and/or assigned an adjuster to adjust the claim.

H.      Defendant's adjuster and Defendant failed to properly adjust the claims and Defendant has denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

I.      Plaintiff's claim still remains unpaid and Plaintiff still has not been able to properly repair the Property.

J.      Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

K.      Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

L.      Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE

3

Section 541.060 (a)(2)(A).

M.      Defendant failed to explain to Plaintiff the reasons for its offer of an inadequate settlement. Specifically, Defendant failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

N.      Defendant failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

O.      Defendant refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

P.      Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

4

Q.    Defendant failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

R.    Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendant has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for their claim. Defendant's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

S.    From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

T.    As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

U.    Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendant's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

# VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from a wind and hail storm. As a result of a Wind and Hailstorm and/or ensuing losses from a wind and hail storm, both of which are covered perils under the Policy, Plaintiff's home and personal Property have been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant's acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendant did not request from Plaintiff any items, statements, and forms that it reasonably believed at that time would be required from Plaintiff for her claim. As a result, Defendant has violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendant also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the

event it is determined that Defendant owes Plaintiff any additional monies on Plaintiff's claim, then Defendant has automatically violated Section 542 in this case.

**C. DTPA Cause of Action**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendant pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) its failure to give Plaintiff the benefit of the doubt, and (3) its failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear.

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

7

As described in this petition, Defendant advertised its insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

    A.    As described in this petition, Defendant represented to Plaintiff that its insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

    B.    As described in this petition, Defendant failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

    C.    Defendant has breached an express warranty that the damage caused by a wind and hail storm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (19) and 17.50 (a)(2) of the DTPA;

    D.    Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

    E.    Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

8

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendant's failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiff the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

    A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

    B.    Engaging in unfair claims settlement practices;

    C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement

of claims submitted in which liability has become reasonably clear;

E.     Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.     Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

10

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

## VII. WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiff's damages which include, without limitation, the cost to properly repair Plaintiff's home and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of her claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## IX. STATEMENT OF RELIEF AND
## STIPULATION OF DAMAGES LESS THAN $75,000

The total damages sought by Plaintiffs against Defendant for all elements of damage does not exceed the sum $75,000, including exemplary and punitive damages, penalties, and attorneys' fees, but exclusive of interests and costs. Plaintiffs will not seek or accept damages, recovery and/or award that may be rendered in the above-captioned matter in excess of $75,000. Plaintiffs hereby renounce any judgment in excess of $75,000, exclusive of interest and costs, which might be in their favor. Plaintiffs further plead for judgment for all the other relief to which it deems justly entitled.

11

## X. ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## XI. EXEMPLARY DAMAGES

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. WRITTEN DISCOVERY

*Plaintiff's Request for Disclosure, Requests for Production, and Interrogatories to Defendant* are attached hereto.

## XIV. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $40.00, as required by Texas Government Code Section 51.604.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show herself to be justly entitled.

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas  78249
Telephone:  (210) 223-5000
Telecopier:  (210) 223-5007

By:_____

     CARLOS E. SOLIS
     State Bar No. 24002972
     carlos@solisandsmithlaw.com

     PAUL A. SMITH, JR.
     State Bar No. 24015025
     paul@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFF,
OLGA REQUENES

14

CAUSE NO. _____

| | | |
|---|---|---|
| OLGA REQUENES | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | ___ JUDICIAL DISTRICT |
| | § | |
| GREAT LAKES REINSURANCE (U.K.) SE | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S REQUEST FOR DISCLOSURE, REQUESTS FOR PRODUCTION, AND INTERROGATORIES TO DEFENDANT GREAT LAKES REINSURANCE (U.K.) SE

TO:   Defendant, GREAT LAKES REINSURANCE (U.K.) SE, by and through its registered agent for service of process along with Plaintiff's Original Petition which is attached hereto.

COMES NOW OLGA REQUENES ("Plaintiff") and, pursuant to the Texas Rules of Civil Procedure, hereby serves her Request for Disclosure, Requests for Production, and Interrogatories. Plaintiff requests that Defendant timely and properly respond to these discovery requests within 50 days of service in accordance with the Texas Rules of Civil Procedure.

Respectfully submitted,

SOLIS & SMITH, P.C.
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
Telephone: (210) 223-5000
Telecopier: (210) 223-5007

By:_____
CARLOS E. SOLIS
State Bar No. 24002972
carlos@solisandsmithlaw.com

PAUL A. SMITH, JR.
State Bar No. 24015025
paul@solisandsmithlaw.com

ATTORNEYS FOR PLAINTIFF,
OLGA REQUENES

15

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served along with Plaintiff's Original Petition on the Defendant in accordance with the Texas Rules of Civil Procedure.

_____

CARLOS E. SOLIS
PAUL A. SMITH, JR.

## INSTRUCTIONS

1.  Produce the Documents in your possession, custody, or control, as such phrase is defined in Texas Rule of Civil Procedure 192.7(b), described in the attached requests for production, at the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

2.  Please respond to the attached Interrogatories in accordance with the requirements of Texas Rule of Civil Procedure 197 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney.

3.  Please respond to the attached Request for Production in accordance with the requirements of Texas Rule of Civil Procedure 196 and return your responses to the offices of the undersigned counsel within thirty (30) days following service of the request upon you or your attorney

4.  Pursuant to Rule 197.2(d), your Interrogatory answers must be verified. Pursuant to Rule 197.2(c), where appropriate, you may optionally produce records in response to the Interrogatories. Place your response to each Request and Interrogatory in a separate document and restate each Request and Interrogatory followed by your response.

5.  Singular and masculine forms of any nouns or pronouns shall embrace and be applied as the plural, feminine, or neuter, as the context requires, and vice versa.

6.  The past tense of any verb shall embrace and be applied as the present tense, as the context requires or as applicable, or vice versa.

7.  Each request is to be construed and answered or responded to separately and independently, and is not to be referenced to any other request for purposes of limitations.

8.  These requests and interrogatories and your answers to them may be offered in evidence at the trial of this case.

9.  Your failure to respond to these requests and interrogatories as required by the Texas Rules of Civil Procedure within the time required may result in entry of judgment against you, assessment of attorney's fees against you, or other sanctions as determined by the Court.

10. These requests are continuing in nature and require supplementation as soon as practical if you or your attorney obtain information which reveals that your answers were incorrect or incomplete when made or that your answers are no longer correct or complete.

11. Documents produced pursuant to these requests should be tendered either in the precise form or manner as they are kept in the usual course of business, or organized and labeled to correspond with the categories in the requests to which they respond.

12.     These requests include request for production of electronic or magnetic data by either: (1) providing the undersigned counsel with access to the medium upon which such date is kept so that such data may be reviewed, copied and/or printed; or (2) providing the undersigned counsel with a copy of such data on disk, CD, tape or other acceptable medium in a form in which it may be reviewed, copied and/or printed.

13.     The Interrogatories and Requests herein requesting information concerning legal contentions and the factual bases of such contentions are propounded pursuant to Texas Rules of Civil Procedure, Paragraph 192.3(j).

14.     If you withhold any Documents from production, please identify the information and material withheld and the specific privilege asserted for each item or group of items withheld, as required by Texas Rules of Civil Procedure 193.3(b). **THIS IS A REQUEST FOR A PRIVILEGE LOG.**

DEFINITIONS

1.   "Defendant" or "GREAT LAKES REINSURANCE (U.K.) SE," "You," "Your," and/or "Yourself" means Defendant, GREAT LAKES REINSURANCE (U.K.) SE, and its agents, representatives, attorneys, and any other person or entity acting on behalf of it or any of the foregoing.

2.   "Plaintiff" means Plaintiff, OLGA REQUENES, and her agents, representatives, attorneys, and any other person or entity acting on behalf of her or any of the foregoing.

3.   The "Property" means the residence(s) specifically described in Plaintiff's Petition and which is the insured's property(ies) at issue in this Lawsuit.

4.   The "Lawsuit" means the above-styled and numbered case.

5.   "Party" or "Parties" shall mean any and/or all parties to the Lawsuit, including Plaintiff and/or any Defendants.

6.   The "Petition" means Plaintiff's Original Petition and/or any amendments and supplements thereto filed in the Lawsuit.

7.   The "Policy" means Policy Number(s) issued by Defendant, which is the basis of this Lawsuit.

8.   The word "Document" or "Documents" is used herein in its broadest sense to include any medium upon or with which information is recorded or preserved which belongs to, or is in or subject to the possession, custody or control of, any of the Parties named and defined hereinabove, by whomever generated or received, including without limitation: writings; printings; drawings; graphs; charts; notes; typewritings; photographs; slides; motion pictures; videotapes or cassettes; phonographs records; type or other mechanical recordings; computer records; electronic mail (e-mail - whether in electronic form or printed on paper or in any other form); information storage devices; disks; or printouts; brochures; pamphlets; maps; surveys; calendars; contracts; interoffice communications; telephone recordings; ledgers; books; statements of account; journals; notices; letter; catalogs; canceled checks; bank statements; invoices; bills; diaries; purchase orders; memoranda of telephone communications; telegrams; telexes or "TWX's"; telecopies; drafts or preliminary versions of the foregoing; communications to or from any governmental or law enforcement sub-division, officer, or agency; and, any other instrument, writing, recording, or data compilation of any nature whatsoever, including any carbon, photographic, microfilm, or other type of copy of such items, if such copy is different from the original by reasons of any markings, additions, commentaries, revisions, deletions, or substitutions. **This definition requires you to search for and produce electronic Documents.**

9.   The term "person" as used herein shall mean and include an individual, sole proprietorship, association, firm, partnership, joint venture, corporation, board,

committee, agency, commission, or any other legal entity of any type for any purpose, whether public or private.

10. The terms "reflecting" or "evidencing," when used in reference to a certain subject or thing as used herein, shall mean and include to reflect, to evidence, to mention, to discuss, to describe, to explain, to embody, to constitute, or to include that subject or thing.

11. The term "correspondence" means the written or unwritten transmittal of information or data in the form of facts, ideas, inquiries or otherwise, including but not limited to e-mails, text messages, instant messages, written Documents, facsimiles, saved computer data, and audio and video recordings.

12. "Meeting" means any encounter between two or more persons during which an oral or written communication occurred and includes, but is not limited to, formal and informal gatherings, conversations and telephone conversations.

13. The term "communicate" or "communication" shall mean (a) every manner or means of communication, disclosure, transfer, or exchange of information and, (b) every communication, disclosure, transfer, or exchange of information, whether made or accomplished orally or by Document, whether in person, by telephone, mail, e-mail, facsimile, personal delivery, or otherwise. Communications includes, but is not limited to, all agreements.

14. The term "or" as used herein shall mean and include "and" or "and/or".

15 The term "all" as used herein shall mean "any" and "all".

16. The term "including" as used herein shall mean "including but not limited to".

17. The term "fact" as used herein shall include, without limitation, every relevant matter, occurrence, act, event, transaction, occasion, meeting, Document, instance, circumstance, recitation, writing, or other happening.

18. Certain other terms may be defined within the discovery requests herein.

## REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that you disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) - (l).

## REQUESTS FOR PRODUCTION AND INTERROGATORIES

Please produce the following documents or tangible things and/or answer the following interrogatories, as applicable:

1.  A complete, certified copy of the insurance Policy(s) in effect on the date of Plaintiff's claim(s).

2.  The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit.

3.  Your entire claim file regarding the Property.

4.  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for property damage and water damage coverage under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

5.  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage of property and water damage claims under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

6.  All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damages, including the criteria for and the process for evaluating whether coverage exists under homeowners' policies in Texas. This request is limited to the last five (5) years.

7.  All procedure or policy manuals or guides meant to guide and assist claims adjusters or claims handlers in handling claims for property and water damages to the house, including the criteria for and the process for evaluating whether coverage exists under homeowners' insurance policies in Texas. This request is limited to the last five (5) years.

8.  All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff's claim(s).

9.  All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff's claim(s).

10.   All communications and documents, including electronic, between Defendant and any other defendant(s) in this Lawsuit regarding Plaintiff's claim(s).

11.   All communications and documents, including electronic, between Defendant's business departments including all persons part of the Defendant's company regarding Plaintiff's claim(s).

12.   All communications and documents Defendant sent to any other defendant(s) in this Lawsuit regarding Plaintiff or the Property, after Plaintiff made their claim(s) for coverage.

13.   All photographs, diagrams, drawings, or other graphic depictions of Plaintiff's and/or the Property.

14.   Any and all documents, reports, estimates, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this Lawsuit, including but not limited to all estimates prepared by all claims adjusters of Defendant regarding the Property and all reports prepared by all engineers hired by Defendant to inspect, test, or observe the Property.

15.   All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

16.   Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all homeowner insurance claims made by Plaintiff's under their homeowner insurance policies, specifically regarding damage to the exterior and interior of Plaintiff's property. This request is limited to the last ten (10) years.

17.   Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendor list."

18.   Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

19.   Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list".

20.   All documents including reports, estimates, data, emails, testing, sampling, videos and photographs received by Defendant from any source regarding inspections of Plaintiff's property.

21.   Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property.

22.   Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property.

23.   Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property.

24.   Any and all records or documents Defendant has reviewed and/or obtained by third parties regarding Plaintiff's Property.

25.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, and/or avoiding charges of bad faith. This request is limited to the last five (5) years.

26.   All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property and water damage under homeowner insurance policies in Texas. This request is limited to the last five (5) years.

27.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling first party insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

28.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 *et seq.* This request is specifically limited to the last five (5) years.

29.   All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 *et seq.* This request is specifically limited to the last five (5) years.

30.   Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

31.   Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits, filed by insured's against Defendant regarding the handling, review and/or adjusting of homeowner claims in Texas. This request is limited to the last five (5) years.

32.   A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

33.   Any and all reference materials, handouts, manuals, outlines, articles, and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or adjusters, regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, and property

damage and water damage claims in Texas. This request is limited to the last five (5) years.

34. Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant's to claims representatives and/or adjusters, or received by claims Representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjuster and/or handling of homeowner insurance claims, commercial insurance claims, and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

35. Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims, property and water damage claims in Texas, within the last five (5) years.

36. Any and all material reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of homeowner insurance claims, commercial insurance claims and property damage and water damage claims in Texas. This request is limited to the last five (5) years.

37. Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's property.

38. Any and all materials, documents, files and/or reports containing list(s) of contractors and engineering companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to homeowner insurance claims. This request is limited to the last five (5) years.

39. Any and all computer programs, electronic data, documents and/or manuals used by the adjusters and claims representatives to perform property damage and water damage estimates relating to homeowner insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). This request is limited to the last five (5) years.

40. Any and all reference materials, handouts, manuals, outlines, articles and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

41. Any and all materials, documents, files and/or reports of contractors and engineering companies that have been approved and/or recommended for performance of services for

Defendant in Texas. This request is limited to the last five (5) years.

42. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) that are the subject of this lawsuit, prepared on behalf of the Defendant.

43. Any and all materials, documents, files, invoices, and/or reports of any and all contractors and engineering and/or foundation repair companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendants. This request is limited to the State of Texas. This request is limited to the last five (5) years.

44. Any and all activity logs relating to Plaintiff's claim(s) for property and water damage claims, to their Property, specifically the claim(s) made the basis of this Lawsuit.

45. Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

46. Any and all organizational charts for Defendant.

47. Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned. This request is limited to the last five (5) years.

48. Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

49. Any and all documents reflecting or relating to Defendant's decisions to pay or deny additional expenses to or on behalf of Plaintiff in this case.

50. Any and all records reflecting payment to Plaintiff concerning Plaintiff's claim(s) made the basis of this suit.

51. Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

52. Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insureds.

53. If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a description of the documents withheld, the number of documents, and the privilege which Defendant claims properly precludes the information from being discovered.

54.   Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to Plaintiff's Property.

55.   Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff, and any other entities with whom Defendant worked or communicated regarding Plaintiff's Property.

56.   All physical and/or tangible items and/or potentially usable evidence obtained by or on behalf of Defendant from the Property.

57.   Any and all indemnity agreement between Defendant and any other Defendant, person, entity, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

58.   Any and all complaint policies and procedures of Defendant regarding the handling of complaints made by homeowner insured's. This request is limited to the last five (5) years.

59.   Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s) regarding the Property.

60.   All non-privileged e-mails regarding the investigation, adjusting and/or handling of the claim(s) made the basis of this Lawsuit.

61.   All e-mails between Defendant's adjusters, engineers, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage and water damage claims.

62.   All computer files, databases, electronically-stored information or computer-stored information regarding property damage and water damage that have been compiled, prepared and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

63.   True and complete copies of all billing records from any and all adjusters and engineers regarding the claim(s) made the basis of this Lawsuit.

64.   True and complete copy of activity logs filed by the staff and adjusters on the file.

65.   Any and all reports, documents or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

66.   True and complete copies of all billings on the file from the adjusters, including the time sheets or documentation used to justify the billing.

67. Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses and vendors on this file including but not limited to dates, changes, and requests made by adjusters. This request is limited to the last five (5) years.

68. Any and all correspondence and lawsuits involving vendors, staff or management involved with property and/or water damage claims from 2003 to present.

69. Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal records, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of claims files, management of property damage and water damage, including staff and vendors.

70. Any and all answers made in previous discovery requests for lists of property and water damage databases.

71. Any and all answers and affidavits made by Defendant and its counsels in previous discovery requests for training procedures, training manuals for property and water damage claims.

72. Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

73. Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable as a corporate representative of Defendant for property claims, property damage and water damage for 2003 through the present, including but not limited to any lists of the lawsuits where testimony was given.

74. Any and all training manuals used by you to train your adjusters on property damage and water damage claims. This request is limited to the last five (5) years.

75. Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments and billing for property, property damage and water damage claims for 2003 through the present, including but not limited to computer disks, e-mails, paperwork and manuals.

76. Any and all reports, documents, or correspondence containing a list of attendees and dates and locations of all meetings conducted by Defendant for all the adjusters and Defendant staff for property damage and water damage claims training. This request is limited to the last five (5) years.

77. Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage and water damage claims previously gathered and produced in other TDI complaints or lawsuits. This request is limited to the last five (5) years.

78.     Any and all reports, documents or correspondence containing lists of all suits filed against Defendant or its entities or affiliates nationwide containing an element of property damage and water damage disputes for 2003 through the present.

79.     Any and all reports, documents or correspondence containing lawsuits where lists of all suits filed against Defendant or its entities or affiliates nationwide containing an element of property damage and water damage or disputes for 2003 through the present were previously produced.

80.     Copies of front and back of all checks paid under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

81.     Copies of the front and back of all checks paid on the insurance claim made the basis of this Lawsuit.

82.     Copies of the front and back of each negotiated check(s) made payable solely or co-payable to Plaintiff under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

83.     Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

84.     Copies of the front and back of each check made payable solely or co-payable to Plaintiff under the insurance Policy issued by Defendant for which an insurance claim was filed by Plaintiff that forms the basis of this Lawsuit. (Specifically, the insurance policy in effect during the time of the insurance claim).

85.     Copies of the front and back of each check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

86.     Studies commissioned by Defendant including any done by a law firm to analyze their claim(s) management strategies and/or to help them improve corporate profits.

87.     Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s) to their supervisors in other cases involving this same or similar allegations in this case.

88.     The entire underwriter's file for underwriting the insurance policy made the basis of this Lawsuit.

89.     All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department related to the insurance Policy made the basis of this lawsuit.

90.   All documents and communications, including electronic, between any engineer(s) or engineering company(s), used to evaluate Plaintiff's claim(s), or other person(s) used in handling Plaintiff's claim(s) and Defendant in the last five years regarding, in any way, the investigation of a homeowners' residence, commercial building or church involving damages to the structures or its contents.

91.   State the name, address, telephone number, and position or job title of all persons answering these interrogatories.

92.   If you contend that any conditions precedent to Plaintiff's recovery have not been met, whether said conditions be stated in the insurance policy or required by law, please state what conditions have not been met and describe the factual bases for such contention.

93.   List the date(s) Defendant requested Plaintiff to provide any of the named defendants in this Lawsuit with requested information which Defendant contends was required in order to properly evaluate Plaintiff's claim(s).

94.   List the date(s) Defendant received Plaintiff's notice of claim(s) for coverage for property damages and the date(s) Defendant first acknowledged Plaintiff's notice of claim(s) and in what form the notice of claim was submitted.

95.   If you contend that Plaintiff did not provide any of the named defendants in this Lawsuit with requested information which you contend was required in order to properly evaluate Plaintiff's claim(s), please state what information was requested and not provided and the dates of such alleged requests.

96.   State the name, address, telephone number, and job title or position of all persons who investigated, reviewed, handled, or made decisions regarding Plaintiff's claim(s). For all such persons who are no longer employees, agents, or representatives of any defendant, please so indicate and provide the person's last known address and telephone number.

97.   State every basis, in fact and in the terms of Plaintiff's Policy, for Defendant's denial and/or recommendation of denial of Plaintiff's' claim(s) under the Policy.

98.   State every basis, in fact and in the terms of Plaintiff's Policies, for Defendant's failure to pay for Plaintiff's full damage claim(s) under the Policy.

99.   State every basis, in fact and in the terms of Plaintiff's Policy, for the amount of money Defendant has either paid or offered to pay, if any, for Plaintiff's claim(s) under the Policy.

100.  State the cause number, style, and court for each lawsuit filed against Defendant in the last five years alleging misconduct, improper claims handling, bad faith, violations of Texas Insurance Code §541.060 *et seq* or violations of Texas Insurance Code §542.055 *et seq*. in the handling of first party claims for property damage and water damage coverage

under homeowners' insurance policies.

101.  State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Texas Insurance Code §541.060.

102.  State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.055.

103.  State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.056.

104.  State the legal theories and describe the factual bases for your contention, if you so contend, that Defendant fully complied with each of the claims handling requirements codified in Tex. Ins. Code §542.058.

105.  State the name, address, and telephone number of each policyholder who gave Defendant written notice, within the last five years, of a complaint about Defendant's handling of first party claims for property and water damage coverage under homeowner insurance policies in Texas.

106.  State the name, address, and telephone number of each policyholder from whom Defendant recorded a complaint, within the last five years, about Defendant's handling of first party claims for property and water damage coverage under homeowner policies in Texas.

107.  For each complaint identified in the responses to the two interrogatories immediately preceding this interrogatory, please state whether any Texas governmental regulatory agency communicated with Defendant regarding the complaint, or whether Defendant communicated with any governmental agency regarding the complaint. If the response is yes for any such complainant, state the name of the agency, the name of the government's representative with whom Defendant exchanged communication, and the reason for the governmental agency's involvement.

108.  For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property and water damage coverage under homeowners' policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

109.  Identify by name, address, and telephone number, all persons or entities, agency or agents, and brokers that have issued Plaintiff's Policy.

68880

| IN RE: | § | IN THE DISTRICT COURT OF |
| | § | |
| BEXAR HAIL | § | |
| | § | BEXAR COUNTY, TEXAS |
| RESIDENTIAL | § | |
| | § | |
| CLAIM LITIGATION | § | CIVIL JUDICIAL DISTRICT COURTS |

### STANDING PRETRIAL ORDER CONCERNING
### BEXAR COUNTY RESIDENTIAL HAIL CLAIMS

This order applies to pretrial matters in residential property insurance cases filed in the District Courts of Bexar County, Texas that involve insurance disputes arising from the hail storms occurring in Bexar County in April and May of 2016. The purpose of this order is to expedite pretrial matters, discovery and mediation in order to minimize court costs and litigation expenses.

This order shall be posted on the Bexar County District Clerk website and shall be attached to the Original Petition of applicable cases. All attorneys and parties should endeavor to notify others about this order.

Parties seeking to be excused from any part of this order must set a hearing and request relief from the court.

**AUTOMATIC ABATEMENT** – The filing of an original answer by the residential insurance carrier shall trigger an immediate and automatic abatement. The case shall remain abated until 30 days after a mediation impasse.

The abatement period will apply to all court ordered deadlines and Rule 190 discovery deadlines. The abatement period will not apply to the deadlines in this order or to any statutory deadline, interest or penalties that may apply under any statutory code or law. The parties may send written discovery during the abatement time period, however, the responses and objections to those discovery requests will not be due until 30 days after the end of the abatement period.

**MEDIATION** – The parties shall agree to a mediator and to a mediation date. An Agreed Mediation Order, in the form attached, shall be filed with the court within 100 days after the answer is filed.

Within 15 days of an unsuccessful mediation, the parties will submit a proposed Agreed Scheduling Order to the court.

**DISCOVERY** – Within 60 days of the filing of an answer by the residential insurance carrier, the parties will use their best efforts to exchange information and documentation pertaining to the residence, including the following: expert reports, engineering reports, estimates of damage or repairs; contents lists for contents damage claim(s); photographs; repair receipts or invoices; the non-privileged portions of the residential insurance carrier and adjusting company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the insurance carrier; a copy of the insurance policy in effect at the time of the respective storm claim(s); and the non-privileged portions of the underwriting file. If the insurance carrier is not in possession of the adjusting company's/adjuster's claims file, and the adjusting company/adjuster is not named as a party in the lawsuit and represented by separate counsel, then the

68880

68880

insurance carrier shall seek the adjusting company's claims file and use their best efforts to exchange this information within the 60 day time period.  The insurance carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to the hail storm claim in litigation shall be preserved and not destroyed.   Finally, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges asserted.

Any expert reports, engineering reports, contractor estimates or any other estimates of damages or repairs obtained pursuant to this order for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for mediation purposes only and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph.  However, if a consultant, whose report is produced for mediation, is designated as a retained testifying expert and does not produce a subsequent report for use at trial, the mediation report shall not remain confidential.

Confidential reports and estimates are only confidential for the lawsuit in which they are being used. Confidential expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request.  Such reports shall not be discoverable or admissible at trial or any hearing.  If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein, provided that a subsequent report is produced.  The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same residential insurance carrier.

Once a mediation date and mediator are agreed to by all parties, the residential insurance carrier shall be permitted to inspect the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the residential insurance carrier and other defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

Signed on November 30, 2016

*Michael E. Mery*
Michael Mery, Judge
37th District Court

*Stephani A. Walsh*
Stephani Walsh, Judge
45th District Court

*Antonia Arteaga*
Antonia Arteaga, Judge
57th District Court

*David A. Canales*
David A. Canales, Judge
73rd District Court

2

68880

68880

John D. Gabriel, Jr., Judge
131st District Court

Renée Yanta, Judge
150th District Court

Laura Salinas, Judge
166th District Court

Cathleen Stryker, Judge
224th District Court

Peter Sakai, Judge
225th District Court

Richard Price, Judge
285th District Court

Sol Casseb III, Judge
288th District Court

Karen H. Pozza, Judge
407th District Court

Larry Noll, Judge
408th District Court

Gloria Saldaña, Judge
438th District Court

11/30/2016  VOL 4655  PG 1814

3

68880

# 68880

## AGREED MEDIATION ORDER

Pursuant to the Standing Pretrial Order Concerning Bexar County Residential Hail Claims, the parties agree to the following mediation date and mediator:

Date: _____

Mediator: _____

The court, hereby, approves and orders the above date and mediator as agreed by the parties.

Each side shall pay an equal portion of the mediation fee.

All parties must have in attendance a representative with full authority to enter into a final settlement agreement. The following shall be personally in attendance at the mediation until excused by the mediator:

    1.      An attorney of record for each party, unless the party is self-represented.

    2.      All individual parties, either plaintiff or defendant, except that individual defendant adjusters and insurer employee defendants are not ordered to attend so long as a representative with full authority to negotiate and settle on their behalf is present.

    3.      A representative of each non-individual party, unless the parties agree otherwise in writing.

Signed and entered on _____, 2016.

_____
Judge Presiding

# 68880

4

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____    COURT *(FOR CLERK USE ONLY):* _____

STYLED **Olga Requenes vs. Great Lakes Reinsurance (U.K.) SE**
(e.g., John Smith v. All American Insurance Co: In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment motion for modification or enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: <br> CARLOS E. SOLIS <br><br> Address: <br> 12703 Spectrum Drive, Suite 100 <br><br> City/State/Zip: <br> San Antonio, Texas 78249 <br><br> Signature: <br> *Carlos E. Solis* | Email: <br> carlos@solisandsmithlaw.com <br><br> Telephone: <br> (210) 223-5000 <br><br> Fax: <br> (210) 223-5007 <br><br> State Bar No: <br> 24002972 | Plaintiff(s)/Petitioner(s): <br><br> OLGA REQUENES <br><br> Defendant(s)/Respondent(s): <br><br> GREAT LAKES REINSURANCE (U.K.) SE <br><br> [Attach additional page as necessary to list all parties] | ☑ Attorney for Plaintiff/Petitioner <br> ☐ Pro Se Plaintiff/Petitioner <br> ☐ Title IV-D Agency <br> ☐ Other: <br><br> Additional Parties in Child Support Case: <br><br> Custodial Parent: <br><br> Non-Custodial Parent: <br><br> Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☐ Consumer/DTPA <br> ☐ Debt/Contract <br> ☐ Fraud/Misrepresentation <br> ☐ Other Debt/Contract: <br><br> *Foreclosure* <br> ☐ Home Equity—Expedited <br> ☐ Other Foreclosure <br> ☐ Franchise <br> ☑ Insurance <br> ☐ Landlord/Tenant <br> ☐ Non-Competition <br> ☐ Partnership <br> ☐ Other Contract: <br> _____ | ☐ Assault/Battery <br> ☐ Construction <br> ☐ Defamation <br> *Malpractice* <br> ☐ Accounting <br> ☐ Legal <br> ☐ Medical <br> ☐ Other Professional <br>   Liability: _____ <br> ☐ Motor Vehicle Accident <br> ☐ Premises <br> *Product Liability* <br> ☐ Asbestos/Silica <br> ☐ Other Product Liability <br>   List Product: <br><br> ☐ Other Injury or Damage: | ☐ Eminent Domain/ <br>   Condemnation <br> ☐ Partition <br> ☐ Quiet Title <br> ☐ Trespass to Try Title <br> ☐ Other Property: <br><br> **Related to Criminal Matters** <br> ☐ Expunction <br> ☐ Judgment Nisi <br> ☐ Non-Disclosure <br> ☐ Seizure/Forfeiture <br> ☐ Writ of Habeas Corpus— <br>   Pre-indictment <br> ☐ Other: _____ | ☐ Annulment <br> ☐ Declare Marriage Void <br> *Divorce* <br> ☐ With Children <br> ☐ No Children <br><br> **Other Family Law** <br> ☐ Enforce Foreign <br>   Judgment <br> ☐ Habeas Corpus <br> ☐ Name Change <br> ☐ Protective Order <br> ☐ Removal of Disabilities <br>   of Minority <br> ☐ Other: _____ | ☐ Enforcement <br> ☐ Modification—Custody <br> ☐ Modification—Other <br> **Title IV-D** <br> ☐ Enforcement/Modification <br> ☐ Paternity <br> ☐ Reciprocals (UIFSA) <br> ☐ Support Order <br><br> **Parent-Child Relationship** <br> ☐ Adoption/Adoption with <br>   Termination <br> ☐ Child Protection <br> ☐ Child Support <br> ☐ Custody or Visitation <br> ☐ Gestational Parenting <br> ☐ Grandparent Access <br> ☐ Paternity/Parentage <br> ☐ Termination of Parental <br>   Rights <br> ☐ Other Parent-Child: <br> _____ |
| **Employment** | **Other Civil** | | | |
| ☐ Discrimination <br> ☐ Retaliation <br> ☐ Termination <br> ☐ Workers' Compensation <br> ☐ Other Employment: | ☐ Administrative Appeal <br> ☐ Antitrust/Unfair <br>   Competition <br> ☐ Code Violations <br> ☐ Foreign Judgment <br> ☐ Intellectual Property | ☐ Lawyer Discipline <br> ☐ Perpetuate Testimony <br> ☐ Securities/Stock <br> ☐ Tortious Interference <br> ☐ Other: _____ | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐ Tax Appraisal <br> ☐ Tax Delinquency <br> ☐ Other Tax | *Probate/Wills/Intestate Administration* <br> ☐ Dependent Administration <br> ☐ Independent Administration <br> ☐ Other Estate Proceedings | ☐ Guardianship—Adult <br> ☐ Guardianship—Minor <br> ☐ Mental Health <br> ☐ Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court <br> ☐ Arbitration-related <br> ☐ Attachment <br> ☐ Bill of Review <br> ☐ Certiorari <br> ☐ Class Action | ☐ Declaratory Judgment <br> ☐ Garnishment <br> ☐ Interpleader <br> ☐ License <br> ☐ Mandamus <br> ☐ Post-judgment | ☐ Prejudgment Remedy <br> ☐ Protective Order <br> ☐ Receiver <br> ☐ Sequestration <br> ☐ Temporary Restraining Order/Injunction <br> ☐ Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*

☑ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

FILED    5/5/2017 8:54:40 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Jackson



SOLIS & SMITH, P.C.
ATTORNEYS AT LAW

Carlos E. Solis
Writer's E-Mail:
carlos@solisandsmithlaw.com

May 5, 2017

***VIA EFILE***
Bexar County Civil District Clerk
101 W. Nueva, Suite 117
San Antonio, Texas 78205

RE:    Cause No. 2017CI06947; Olga Requenes vs. Great Lakes Reinsurance (U.K.) SE; In the
       166th Judicial District Court of Bexar County, Texas

Dear Sir or Madam:

       In regard to the above-referenced matter, enclosed please find fees for the correct amount
of service copies.

       Thank you in advance for your attention to this matter. If you should have any questions,
please do not hesitate to contact my office.

Sincerely,

SOLIS & SMITH, P.C.

Carlos E. Solis

CES/mak
Enclosure

SPECTRUM COURT
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249
(210) 223-5000 Telephone | (866) 985-4529 Toll Free | (210) 223-5007 Facsimile
www.solisandsmithlaw.com

SAN ANTONIO (PRINCIPAL OFFICE)          EL PASO          RIO GRANDE VALLEY          DALLAS/FORT WORTH

**EXHIBIT C-3**

FILED
6/16/2017 3:07 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

**2017CI06947**

CAUSE NO. ~~2017CL06947~~

| | | |
|---|---|---|
| **OLGA REQUENES,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **166TH JUDICIAL DISTRICT** |
| | § | |
| **GREAT LAKES REINSURANCE** | § | |
| **(U.K.) SE** | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

### DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK)

SE)[1] ("Defendant") files its original answer and affirmative defenses to Plaintiff Olga Requenes'

("Plaintiff") Original Petition (the "Petition").

### I.   GENERAL DENIAL

Defendant asserts its general denial as authorized by Rule 92 of the Texas Rules of Civil

Procedure to the allegations contained in Plaintiff's Petition, and any amendments or

supplements thereto, and upon trial of this case will require Plaintiff to prove each and every

allegation asserted against it by a preponderance of the evidence, as is required by the laws of

this State of Texas and the Constitution of the United States.

### II.   AFFIRMATIVE DEFENSES

1.    Plaintiff's claims are barred in whole or in part due to the terms, limitations,

restrictions, exclusions, and endorsements contained in and to the Policy that is the basis of

Plaintiff's suit.

2.    Plaintiff's claims against Defendant are barred under the doctrines of settlement

and release.

3.    Plaintiff's claims are barred by the equitable doctrine of waiver.

---

[1] Improperly named as "Great Lakes Reinsurance (U.K.) SE" in Plaintiff's Original Petition, but appearing in its correct capacity
herein.

**EXHIBIT C-4**

4.      Plaintiff's claims are barred by the election of rights doctrine.

5.      Plaintiff's claims are barred by the "one satisfaction" doctrine.

6.      Plaintiff's claims are barred by the economic loss rule.

7.      Plaintiff's claims are barred in whole or in part by accord and satisfaction.

8.      Plaintiff's claims are barred in whole or in part by setoff.

9.      Plaintiff failed to mitigate or minimize its alleged damages.

10.     Plaintiff's claims are barred by the statute of frauds.

11.     Plaintiff is not entitled to 18% statutory interest.

12.     Defendant's actions and omissions, if any, respecting the subject matters in the alleged causes of action, and each of them, were undertaken in good faith, with the absence of malicious intent to injure Plaintiff, and constitute lawful, proper, justified means to further the business purposes of Defendant.

13.     Plaintiff's damages, if any, were proximately caused by the acts, omissions, or breaches of other persons and entities, including Plaintiff, and said acts, omissions, or breaches were intervening and superseding causes of Plaintiff's damages, if any.  Defendant asserts its right to comparative responsibility as provided in Chapter 33 of the Texas Civil Practice and Remedies Code and request that the fact finder apportion responsibility as provided in Chapter 33.

14.     Defendant claims all offsets and credits available under Chapter 33 of the Texas Civil Practice and Remedies Code.

15.     Any and all claims alleged by Plaintiff are barred, in whole or in part, to the extent they seek an improper punitive damages award for an alleged single wrong because such an award would violate Defendant's rights guaranteed by the United States Constitution,

including, without limitation, the Due Process and Equal Protection provisions of the Fourteenth Amendment and the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, and Defendant's rights to the Due Course of Law under the Texas Constitution.

16.     Plaintiff is not entitled to punitive damages, and any and all excessive amounts of such damages sought herein violate Chapter 41 of the Texas Civil Practice and Remedies Code, the Texas Constitution, and the United States Constitution, all of which set limits on the award of punitive damages.

17.     Any award of pre-judgment interest is limited by the dates and amounts as set forth in Chapter 304 of the Texas Finance Code and/or Chapter 41 of the Texas Civil Practice & Remedies Code.

18.     Defendant reserves the right to later amend or add to these affirmative defenses.

### III.     REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Defendant hereby requests that Plaintiff disclose the information or material described in Rule 194.2 within thirty (30) days from service of this request.

### IV.     PRAYER

WHEREFORE, PREMISES CONSIDERED, Great Lakes Insurance SE (formerly known as Great Lakes Reinsurance (UK) SE) respectfully requests the Court enter judgment that Plaintiff takes nothing in her suit, the Court enter an order dismissing Plaintiff's suit with prejudice, Defendant recover its costs and attorneys' fees, and for all other relief to which Defendant may be justly entitled.

Respectfully submitted,

By: */s/ Valerie Henderson*

**Eddy De Los Santos**
Texas Bar No. 24040790
**Valerie Henderson**
Texas Bar No. 24078655
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ. P.C.**
1301 McKinney Street
Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile

*Attorneys . for Defendant Great Lakes
Insurance SE (formerly known as Great
Lakes Reinsurance (UK) SE)*

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2017, a true and correct copy of the foregoing was served on the following counsel pursuant to the Texas Rules of Civil Procedure:

Carlos E. Solis
Paula A. Smith, Jr.
Solis & Smith, PC
12703 Spectrum Drive, Suite 100
San Antonio, Texas 78249

*/s/ Valerie Henderson*
Valerie Henderson

FILED
7/3/2017 4:14 PM



**TEXAS DEPARTMENT OF INSURANCE**

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

Donna Kay McKinney

Bexar County District Clerk
May 17, 2017
Accepted By: Eneyda Contreras-Imperial

Carlos E. Solis
Solis & Smith, PC
12703 Spectrum Drive, Suite 100
San Antonio, Texas  78249

RE: Cause No.: 2017-CI-06947; styled *Olga Requenes vs. Great Lakes Reinsurance (U.K.)
SE;* in the 166th Judicial District Court, Bexar County, Texas

Greetings:

On May 15, 2017, the enclosed documents were received in the office of the Commissioner of
Insurance for service of process.  The documents received are being returned to your office for
the reasons indicated below.

**Great Lakes Reinsurance's** mailing address must be noted on the citation.  Please refer to
the Texas Administrative Code, Title 28, Chapter 7, Rule §7.1414.  Enclosed is a company
profile.

Pursuant to §804.201(C) of the Texas Insurance Code, there is a fee of $50.00, each time a
request for service (including notice/demand/subpoena) is made on the Commissioner of
Insurance.

Refer to Chapter 804 of the Texas Insurance Code for service of process information.

Please call me if you have questions.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel
tish.wilhelm@tdi.texas.gov
(512) 676-6543

Enclosures

c:  Bexar County District Clerk
    *E-filed*

# EXHIBIT C-5

CERTIFIED MAIL #70151660000034464315  **Case Number: 2017-CI-06947**

**OLGA REQUENES**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE**

*Defendant*

(Note: Attached document may contain additional litigants).

2017CI06947   S00001

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:** GREAT LAKES REINSURANCE SE
C/O ATTORNEY FOR SERVICE DAVID MATTAS
COMMISSIONER FOR THE TEXAS DEPARTMENT OF INSURANCE

333 GUADALUPE ST
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 17th day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 11TH DAY OF MAY A.D., 2017.

PET FOR HAIL DAMAGE RESIDENTIAL

CARLOS EDUARDO SOLIS
ATTORNEY FOR PLAINTIFF
12703 SPECTRUM DR 100
SAN ANTONIO, TX 78249-3400



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez,* Deputy

---

Officer's Return

Came to hand on the 11th day of May 2017, A.D., at 8:42 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PET FOR HAIL DAMAGE RESIDENTIAL

Cause of failure to execute this Citation is _____

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Norma Gonzalez,* Deputy

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED

# EXHIBIT C-6

CERTIFIED MAIL #70151660000034464315 **Case Number: 2017-CI-06947**

2017CI06947   S80001

**OLGA REQUENES**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE**

*Defendant*

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**FILED**
2.39 O'CLOCK __ M

**DIRECTED TO:** GREAT LAKES REINSURANCE SE
C/O ATTORNEY FOR SERVICE DAVID MATTAS
COMMISSIONER FOR THE TEXAS DEPARTMENT OF INSURANCE

MAY 1 7 2017
DONNA KAY McKIN, :Y
District Clerk, Bexar Coun.y, Texas
BY_____
LL:..;TY

333 GUADALUPE ST
AUSTIN TX 78701

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 17th day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 11TH DAY OF MAY A.D., 2017.

PET FOR HAIL DAMAGE RESIDENTIAL

CARLOS EDUARDO SOLIS
ATTORNEY FOR PLAINTIFF
12703 SPECTRUM DR 100
SAN ANTONIO, TX 78249-3400



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez,* Deputy

---

Officer's Return

Came to hand on the 11th day of May 2017, A.D., at 8:42 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _15_ day of __May__, A.D. 20__, by delivering to _Tex Dept of Insurance_ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PET FOR HAIL DAMAGE RESIDENTIAL

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Norma Gonzalez,* Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $        MAY 12 2017  Postmark Here
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

GREAT LAKES RE INSURANCE SE
C/O ATTORNEY FOR SERVICE DAVID MATTAS
333 GUADALUPE ST
AUSTIN, TX 78701

2017C106947  5/11/2017  CITCM  NORMA GONZALEZ

*City, State, ZIP+4®*

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7015 1660 0000 3446 4315

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GREAT LAKES REINSURANCE SE
C/O ATTORNEY FOR SERVICE DAVID MATTAS
333 GUADALUPE ST
AUSTIN, TX 78701

2017CI08947 5/11/2017 CITCM NORMA GONZALEZ

2. Article Number (Transfer from service label)

7015 1660 0000 3446 4315

PS Form 3811, July 2015 PSN 7530-02-000-9053 SCANNED AS FILED

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                        ☐ Agent
                                         ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

RECEIVED
MAY 15 2017

TEXAS DEPT. OF INSUR.
MAIL SERVIC

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

Domestic Return Receipt



USPS TRACKING #

9590 9402 1978 6123 2143 76

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2011 MAY 17 P 2: 33

BY_____ DEPUTY

CERTIFIED MAIL #70151660000034464759  **Case Number: 2017-CI-06947**

**OLGA REQUENES**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE**

*Defendant*                                              **CITATION**

(Note: Attached document may contain additional litigants).

2017CI06947  S00002

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**DIRECTED TO:** GREAT LAKES REINSURANCE SE
BY SERVING COMMISSIONER FOR THE TEXAS DEPARTMENT OF
INSURANCE

1177 AVENUE OF THE AMERICAS F1 41
NEW YORK NY 10036

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 17th
day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF MAY A.D., 2017.

ORIGINAL PETITION
& STIPULATION OF DAMAGES LESS THEN $75,000 WITH DISCOVERY ATTACHED

CARLOS EDUARDO SOLIS
ATTORNEY FOR PLAINTIFF
12703 SPECTRUM DR 100
SAN ANTONIO, TX 78249-3400



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez,* Deputy

---

Officer's Return

Came to hand on the 19th day of May 2017, A.D., at 12:29 o'clock P.M. and EXECUTED
(NOT EXECUTED) by  CERTIFIED MAIL, on the _____ day of _____, A.D., 20___,
by delivering to _____ a true copy of this
Citation, upon which I endorse the date of delivery, together with the accompanying
copy of the ORIGINAL PETITION & STIPULATION OF DAMAGES LESS THEN $75,000 WITH
DISCOVERY ATTACHED

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Norma Gonzalez,* Deputy

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED

CERTIFIED MAIL #70151660000084464759 **Case Number: 2017-CI-06947**

2017CI06947   S00002

**OLGA REQUENES**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE**

*Defendant*

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** GREAT LAKES REINSURANCE SE
BY SERVING COMMISSIONER FOR THE TEXAS DEPARTMENT OF
INSURANCE

· 1177 AVENUE OF THE AMERICAS F1 41
NEW YORK NY 10036

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**FILED**
3 O'CLOCK 22 M

JUN   7 2017
DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
BY _____ DEPUTY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 17th day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 19TH DAY OF MAY A.D., 2017.

ORIGINAL PETITION
& STIPULATION OF DAMAGES LESS THEN $75,000 WITH DISCOVERY ATTACHED

CARLOS EDUARDO SOLIS
ATTORNEY FOR PLAINTIFF
12703 SPECTRUM DR 100
SAN ANTONIO, TX 78249-3400



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez,* Deputy

---

Officer's Return

Came to hand on the 19th day of May 2017, A.D., at 12:29 o'clock P.M. and EXECUTED
(NOT EXECUTED) by CERTIFIED MAIL, on the 25 day of May _____, A.D., 20 17,
by delivering to ___ S CnaK _____ a true copy of this
Citation, upon which I endorse the date of delivery. together with the accompanying
copy of the ORIGINAL PETITION & STIPULATION OF DAMAGES LESS THEN $75,000 WITH
DISCOVERY ATTACHED

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Norma Gonzalez,* Deputy

RETURN TO COURT (DK003)

DOCUMENT SCANNED AS FILED



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

# OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)      $ _____
☐ Return Receipt (electronic)    $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required       $ _____

MAY 22 2017

Postmark
Here

GREAT LAKES REINSURANCE (SE
BY SERVING COMMISSIONER FOR THE TEXAS DEF
1177 AVENUE OF THE AMERICAS F1 41
NEW YORK, NY   10036

2017CI06947  5/19/2017  CITCH  NORMA GONZALEZ

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7015 1660 0000 3446 4759

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GREAT LAKES REINSURANCE SE
BY SERVING COMMISSIONER FOR THE TEXAS DEPT
1177 AVENUE OF THE AMERICAS F1 41
NEW YORK, NY 10036

2817C106947  5/19/2017  CITCH  NORMA GONZALEZ

2. Article Number (Transfer from service label)

7015 1660 0000 3446 4759

PS Form 3811, July 2013 DOCUMENT - SCANNED AS FILED   Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  S C hok    ☐ Agent    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

5/25/17

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1978 6123 2195 31

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2017 JUN -1 P 2: 50

BY _____ DEPUTY

CERTIFIED MAIL #70151660000034464957 **Case Number: 2017-CI-06947**

2017CIO6947   S00003

**OLGA REQUENES**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE**

*Defendant*

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:** GREAT LAKES REINSURANCE SE
BY SERVING COMMISSIONER FOR THE TEXAS DEPARTMENT OF
INSURANCE

1177 AVENUE OF THE AMERICAS F1 41
NEW YORK NY 10036

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 17th day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 1ST DAY OF JUNE A.D., 2017.

ORIGINAL PETITION
AND STIPULATION OF DAMAGES LESS THEN $75,000 WITH DISCOVERY ATTACHED

CARLOS EDUARDO SOLIS
ATTORNEY FOR PLAINTIFF
12703 SPECTRUM DR 100
SAN ANTONIO, TX 78249-3400



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez,* Deputy

---

Officer's Return

Came to hand on the  1st day of June 2017, A.D., at  8:18 o'clock A.M. and EXECUTED
(NOT EXECUTED) by  CERTIFIED MAIL, on the _____ day of _____, A.D., 20___,
by delivering to _____ a true copy of this
Citation, upon which I endorse the date of delivery, together with the accompanying
copy of the ORIGINAL PETITION AND STIPULATION OF DAMAGES LESS THEN $75,000 WITH
DISCOVERY ATTACHED

Cause of failure to execute this Citation is _____.

**Donna Kay M<sup>c</sup>Kinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Norma Gonzalez,* Deputy

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED

CERTIFIED MAIL #70151660000034464957  **Case Number: 2017-CI-06947**

2017CI06947    S00003

**OLGA REQUENES**

*Plaintiff*

vs.

**GREAT LAKES REINSURANCE SE**

*Defendant*

(Note: Attached document may contain additional litigants).

**CITATION**

IN THE DISTRICT COURT
166th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**"THE STATE OF TEXAS"**

**FILED**
2 O'CLOCK 50 M

**DIRECTED TO:** GREAT LAKES REINSURANCE SE
BY SERVING COMMISSIONER FOR THE TEXAS DEPARTMENT OF
INSURANCE

JUN   1 2017
DONNA KAY McKINNEY
District Clerk, Bexar County, Texas
BY _/saia /kaua_
DEPUTY

1177 AVENUE OF THE AMERICAS F1 41
NEW YORK NY 10036

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk
who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 17th
day of April, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 1ST DAY OF JUNE A.D., 2017.

ORIGINAL PETITION
AND STIPULATION OF DAMAGES LESS THEN $75,000 WITH DISCOVERY ATTACHED

CARLOS EDUARDO SOLIS
ATTORNEY FOR PLAINTIFF
12703 SPECTRUM DR 100
SAN ANTONIO, TX 78249-3400



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Norma Gonzalez,* Deputy

---

Officer's Return

Came to hand on the  1st day of June 2017, A.D., at  8:18 o'clock A.M. and EXECUTED
(NOT EXECUTED) by CERTIFIED MAIL, on the 5ᵗʰ day of June, A.D., 20 19,
by delivering to Texas Dept. of Insurance mail Serv, a true copy of this
Citation, upon which I endorse the date of delivery, together with the accompanying
copy of the ORIGINAL PETITION AND STIPULATION OF DAMAGES LESS THEN $75,000 WITH
DISCOVERY ATTACHED

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Norma Gonzalez,* Deputy

RETURN TO COURT (DK003)

DOCUMENT  SCANNED  AS  FILED



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

# OFFICIAL USE

Certified Mail Fee
78204

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)
☐ Return Receipt (electronic)
☐ Certified Mail Restricted Delivery
☐ Adult Signature Required
☐ Adult Signature Restricted Delivery

Postmark
Here

2017

SAN ANTONIO, TX

GREAT LAKES REINSURANCE SE
BY SERVING COMMISSIONER FOR THE TEXAS DI
333 GUADALUPE ST
AUSTIN, TX 78701

2017C106947  6/1/2017  CITCM  NORMA GONZALEZ

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7015 1660 0000 3446 4957

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GREAT LAKES REINSURANCE SE
BY SERVING COMMISSIONER FOR THE TEXAS DEPT
333 GUADALUPE ST
AUSTIN, TX 78701

2017C186947  6/1/2017  CITCM  NORMA GONZALEZ

2. Article Number (Transfer from service label)

7015 1660 0000 3446 4957

PS Form 3811, July 2015 PSN 7530-02-000-9053 SCANNED AS FILED

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

RECEIVED
JUN 05 2017
TEXAS DEPT. OF INSURANCE
MAIL SERVICES

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1978 6123 1942 96

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Cl
101 W. Nueva, Suite 2
San Antonio, TX 7820

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
2017 JUN -7 P 3: 22
BY_____ DEPUTY